**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, 2791 Southampton Road, Philadelphia, PA 19154, | : : : : : | |
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 HEALTH FUND 2791 Southampton Road, Philadelphia, PA 19154, | : : : : : | |
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 SUPPLEMENTAL RETIREMENT FUND, 2791 Southampton Road, Philadelphia, PA 19154, | : : : : : : | **COMPLAINT**  CIVIL ACTION NO. |
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 APPRENTICESHIP TRAINING FUND, 2791 Southampton Road, Philadelphia, PA 19154, | : : : : : : | |
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 VACATION FUND, 2791 Southampton Road, Philadelphia, PA 19154, | : : : : : | |
| and | : : | |
| THE THOMAS J. MCNULTY ANNUAL SCHOLARSHIP FUND, 2791 Southampton Road, Philadelphia, PA 19154, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | |
| MARX SHEET METAL & MECHANICAL INC., 24 Clifton Court, Hanover Twp., PA 18706, | : : : : | |

|  |  |
|---|---|
| and | : |
|  | : |
| JOSEPH MARX | : |
| 24 Clifton Court, | : |
| Hanover Twp., PA 18706, | : |
|  | : |
| Defendants. | : |

## COMPLAINT IN CONFESSION OF JUDGMENT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND SETTLEMENT AGREEMENT; TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; TO ENTER CONFESSED JUDGMENT)

### Parties

1.      The Plumbers Local Union No. 690 Pension ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 2791 Southampton Road, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The Plumbers Local Union No. 690 Health ("Health Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Fund is administered at 2791 Southampton Road, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2

3.     The Plumbers Local Union No. 690 Supplemental Retirement Fund ("Supplemental Retirement Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Supplemental Retirement Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Supplemental Retirement Fund is administered at 2791 Southampton Road, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.     The Plumbers Local Union No. 690 Apprenticeship Training Fund ("Apprenticeship Training Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Apprenticeship Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Apprenticeship Training Fund is administered at 2791 Southampton Road, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.     The Plumbers Local Union No. 690 Vacation Fund ("Vacation Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Vacation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Vacation Fund is administered at 2791 Southampton Road, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.     The Thomas J. McNulty Annual Scholarship Fund ("Scholarship Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).   The Scholarship Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Scholarship Fund is administered at 2791 Southampton Road, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.     Marx Sheet Metal & Mechanical Inc. ("Marx Inc."), is a Pennsylvania business existing under Pennsylvania laws with offices located at 24 Clifton Court, Hanover Twp., PA 18706.

8.     Marx Inc. transacts business in Pennsylvania as a contractor or subcontractor in the laborer industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

9.     At all relevant times, Marx Inc. was and is signatory and bound to the Collective Bargaining Agreement between the Plumbers Local Union No. 690, Mechanical Service Contractors Association of Eastern Pennsylvania, Inc., and Plumber Contractors UAC Local No. 690 of Greater Philadelphia Region ("CBA"). ("Collective Bargaining Agreement").

10.    Joseph Marx is an officer and owner of Marx Inc., and resides at 24 Clifton Court, Hanover Twp., PA 18706. At all relevant times, Joseph Marx exercised control and discretion over the assets of Marx Inc., including, but not limited to, decisions regarding the collection of

receivables for Marx Inc., the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Marx Inc.'s employees, and the amounts to be paid to the Plaintiffs. Accordingly, Joseph Marx is a fiduciary to the Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, Vacation Fund, and Scholarship Fund as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

### Jurisdiction

11.     This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action for breach of a settlement agreement and for the entry of a confessed judgment.

12.     The Confession of Judgment authorizes the Plaintiffs to file a Complaint in this Court in the event of a default by the Defendants Marx Inc. and Joseph Marx.

### COUNT I

**(ENTRY OF CONFESSED JUDGMENT)**

13.     The Plaintiffs, the Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, Vacation Fund, and Scholarship Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14.     Pursuant to its Collective Bargaining Agreement, Defendants Marx Inc. and Joseph Marx agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

15.     Defendants Marx Inc. and Joseph Marx employed certain employees covered by the Collective Bargaining Agreement, but failed to pay the entire amount when due to the Benefit Funds for work performed from April through July 2022 as required by the Collective Bargaining Agreement and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

16.     The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

17.     The Benefit Fund Plaintiffs and the Defendants Marx Inc. and Joseph Marx entered into a Settlement Agreement and Confession of Judgment to resolve its failure to pay contributions timely to the Benefit Funds for work performed from April through July 2022.   (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 5; Declaration of Thomas J. McNulty, Exhibits A and B).) The Settlement Agreement and Confession of Judgment specified the amount of Defendants Marx Inc. and Joseph Marx's indebtedness to the Benefit Fund Plaintiffs as $929,985.73 ("Indebtedness").  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 5).

18.     Joseph Marx, on behalf of Marx Inc. and on behalf of himself, knowingly executed the Confession of Judgment, and is of sufficient age and education to understand its terms as provided in the seventh paragraph of the Affidavit for Confession of Judgment.

19.     The Affidavit of Confession of Judgment was executed by Marx Inc. and Joseph Marx as part of the terms of a comprehensive settlement agreement.  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 5; Declaration of Thomas J. McNulty, Exhibit B).).

20.     Marx Inc. and Joseph Marx made a voluntary, knowing and intelligent waiver of the right to notice and a prejudgment hearing on the merits of the Benefit Funds' claims as provided in the fourth paragraph of the Affidavit for Confession of Judgment.

21.     The Defendants Marx Inc. and Joseph Marx are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants Marx Inc. and Joseph Marx failed to make the payments due on February 1, 2023 and March 1, 2023, under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 6).)

22.     The Defendants Marx Inc. and Joseph Marx are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants Marx Inc. and Joseph Marx failed to make the regular monthly contributions payments due on January 15, 2023 and February 15, 2023, as required under the terms of the Settlement Agreement. (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 6).)

23.     The Affidavit of Confession of Judgment provides that in the event of a default by Marx Inc., in the payment of any amount due under the terms of the Settlement Agreement, interest will be assessed on the unpaid balance of the settlement at the rate of nine percent (9%) per annum. (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 7).)

24.    The Defendants have paid $614,872.46 towards the Indebtedness amount of $929,985.73 under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 6).)

25.    The unpaid balance of the Indebtedness amount of $929,985.73 is $315,113.27. (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 7).)

26.    Interest in the amount of $13,830.45 has accrued as of March 8, 2023.  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 8).)

27.    The Affidavit of Confession of Judgment provides that in the event of a default by Defendants Marx Inc. and Joseph Marx in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against Marx Inc. and Joseph Marx in favor of the holder for the full amount then due.  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 9).)

28.    A Judgment in the amount of $328,943.72, is appropriately entered against Defendants Marx Inc. and Joseph Marx as provided by the terms of the Affidavit for Confession of Judgment.  (Exhibit 1 (Declaration of Thomas J. McNulty, ¶ 10; Declaration of Thomas J. McNulty, Exhibit C).)

29.    The Confession of Judgment and Judgment by Confession does not involve a loan defined as a "consumer credit transaction" in accordance with Annex. A to Title 231, Chapter 2950, Rule 295 1(a)(2).

30.    The Confession of Judgment and Judgment by Confession arose out of a business transaction and were not entered into for personal, family or household purposes.  The Confession

of Judgment and Judgment by Confession do not arise out of a retail installment sale, contract or account as defined under the Goods and Services Installment Sales Act, 69 P.S. §1101, *et seq.*

31.     The Judgment by Confession is not being entered against natural persons in connection with a consumer credit transaction.  The Judgment by Confession is not being entered in connection with a residential lease.

32.     Neither the Confession of Judgment nor the Judgment by Confession have been assigned and Plaintiffs are the current holder thereof.

33.     Judgment has not been entered on the Judgment by Confession or the Confession of Judgment in any other jurisdiction.

34.     The Judgment by Confession is less than twenty years old and no application for a court order granting leave to enter judgment after notice is required.

35.     Upon information and belief, the Defendants are not a member of the military.

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

For a Court Order entering judgment against Defendants Marx Inc. and Joseph Marx, as provided in the Confession of Judgment, in the amount of $328,943.72.

                                        Respectfully submitted,

**Date:**  March 8, 2023                 /s Andrew Costa-Kelser
                                        Andrew Costa-Kelser, Bar No. 314865
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        Constitution Place, Suite 600
                                        Philadelphia, PA  19106
                                        Telephone (215) 629-4970
                                        Facsimile (215) 629-4996
                                        akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| MARX SHEET METAL & MECHANICAL INC., | : |
| | : |
| Defendant. | : |

<u>**NOTICE**</u>

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, and Federal Rule of Civil Procedure 54, you are hereby notified that a Judgment by Confession has been entered against you in the above-proceeding.  Enclosed is a copy of the Complaint and accompanying documents filed in support of said Judgment.

If you have any questions concerning this Notice, please call Andrew Costa-Kelser at (215) 629-4970.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

By: _____
Clerk of Court

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| MARX SHEET METAL & MECHANICAL INC., | : | |
| | : | |
| Defendant. | : | |

## PRAECIPE FOR ENTRY OF JUDGMENT BY CONFESSION

COME NOW Plaintiffs, by and through their attorneys, O'Donoghue & O'Donoghue LLP, and request the Clerk of the Court to enter a Judgment by Confession against Defendant Marx Sheet Metal & Mechanical Inc. and Joseph Marx, in the amount of $328,943.72.

This Request is brought pursuant to Rule 236 of the Supreme Court of Pennsylvania and Rule 54 of the Federal Rules of Civil Procedure. The basis for this Request is set forth in the attached Declaration in Support of and Request for Clerk's Entry of Judgment by Confession.

Respectfully submitted,

**Date:** March 8, 2023

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL<br>UNION NO. 690 PENSION FUND, et al., | :<br>:<br>: |
| Plaintiffs, | : Civil Action No. _____<br>: |
| v. | :<br>: |
| MARX SHEET METAL & MECHANICAL INC., | :<br>: |
| Defendant. | : |

## JUDGMENT BY CONFESSION

It appearing from the records in the above entitled action that the Plaintiffs, Trustees of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, Vacation Fund and the Thomas J. McNulty Annual Scholarship Fund have filed a complaint in confession of judgment;

It is **ORDERED** and **ADJUDGED** that Judgment by Confession be and the same hereby is entered as follows:

1)      In favor of Plaintiffs, Trustees of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, Vacation Fund and the Thomas J. McNulty Annual Scholarship Fund against Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx in the amount of $328,943.72 with post-judgment interest to accrue at the statutory rate;

2)      That the Clerk of Court shall transmit a copy of this Order to all counsel of record and to the Defendants; and

3)      That the Clerk of Court shall close this case.

_____
United States District Judge
Eastern District of Pennsylvania

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : : : | |
| Plaintiffs, | : : | Civil Action No. _____ |
| v. | : : | |
| MARX SHEET METAL & MECHANICAL INC, | : : | |
| Defendant. | : | |

**DECLARATION IN SUPPORT OF AND**
**REQUEST FOR CLERK'S ENTRY OF JUDGMENT BY CONFESSION**

I hereby certify, declare, and verify under penalty of perjury, and pursuant to 28 U.S.C. Section 1746, this 8th day of March, 2023, that I am an attorney of record for the Plaintiffs in the above-captioned case and that Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx executed the Settlement Agreement and Confession of Judgment, and that the Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx breached the terms of the Settlement Agreement and Confession of Judgment by failing to make required payments to the Plaintiffs.

Therefore, the Clerk of Court is requested to enter a Judgment by Confession against Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx pursuant to Rule 236 of the Supreme Court of Pennsylvania and Federal Rule of Civil Procedure 54.

Respectfully submitted,

**Date:** March 8, 2023

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| MARX SHEET METAL & MECHANICAL INC., | : |
| | : |
| Defendant. | : |

**ASSESSMENT OF DAMAGES**

TO THE PROTHONOTARY:

You are hereby directed to assess damages in favor of Plaintiffs, Trustees of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, Vacation Fund and the Thomas J. McNulty Annual Scholarship Fund, and Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx in the amount of $328,943.72.

Respectfully submitted,

**Date:** <u>March 8, 2023</u>

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : : : | |
| Plaintiffs, | : : | Civil Action No. _____ |
| v. | : : | |
| MARX SHEET METAL & MECHANICAL INC., | : : | |
| Defendant. | : | |

**CERTIFICATION OF ADDRESSES**

I, Andrew Costa-Kelser, certify to the best of my knowledge, information and belief that the

Plaintiffs' address is 2791 Southampton Road, Philadelphia, PA 19154 and the last known address of

Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx is 24 Clifton Court, Hanover

Twp., PA 18706.

Respectfully submitted,

**Date:** March 8, 2023

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| MARX SHEET METAL & MECHANICAL INC., | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF RIGHT TO RECOVER ATTORNEY FEES
### AND COSTS AND PROCEDURE TO
### FOLLOW TO STRIKE OR OPEN A CONFESSED JUDGMENT

TO:  Marx Sheet Metal & Mechanical Inc.
24 Clifton Court
Hanover Twp., PA 18706

Joseph Marx
24 Clifton Court
Hanover Twp., PA 18706

A judgment in the amount of $328,943.72 has been entered against you and in favor of the Plaintiffs without any notice of prior hearing based on a Judgment by Confession contained in a written agreement or other document allegedly signed by you.  The U.S. Marshall or Sheriff may take your property or money to satisfy this judgment at any time after thirty (30) days after this notice has been served on you.

You may have legal rights to defeat the judgment or to prevent your property or money from being taken.  YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney's fees as determined by the Court.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full on the following page.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO

3

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
1101 Market Street, 11th Fl
Philadelphia, PA 19107
(215) 238-6300

Respectfully submitted,

**Date:**  March 8, 2023

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

Pennsylvania Rule of Civil Procedure 2959
<u>Striking Off or Opening Judgment; Pleadings; Procedure</u>

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.
(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only
(i) in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and
(ii) as provided by <u>Rule 2958.3</u> or <u>Rule 2973.3</u>.
(3) If written notice is served upon the petitioner pursuant to <u>Rule 2956.1(c)(2)</u> or <u>Rule 2973.1(c)</u>, the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.
(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.
(c) A party waives all defenses and objections which are not included in the petition or answer.
(d) The petition and the rule to show cause and the answer shall be served as provided in <u>Rule 440</u>.
(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.
(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.
(g) (1) A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.
(2) Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g)[1] which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| MARX SHEET METAL & MECHANICAL INC., | : <br> : |
| Defendant. | : |

<u>**CONFESSION OF JUDGMENT**</u>

Pursuant to the authority set forth in the Confession of Judgment, I appear for the Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx, and confess judgment in favor of the Plaintiffs, Trustees of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, Vacation Fund and the Thomas J. McNulty Annual Scholarship Fund, and against Defendants Marx Sheet Metal & Mechanical Inc. and Joseph Marx in the amount of $328,943.72.

Respectfully submitted,

**Date:** <u>March 8, 2023</u>

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, et al.,   : | : |
|   | : |
|       Plaintiffs, | : Civil Action No. _____ |
|   | : |
|       v. | : |
|   | : |
| MARX SHEET METAL & MECHANICAL INC., | : |
|   | : |
|       Defendant. | : |

**DECLARATION OF THOMAS J. MCNULTY**

I, Thomas J. McNulty, hereby certify, declare and verify as follows:

1.      That I am the Administrator of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, and Vacation Fund, and the Thomas J. McNulty Annual Scholarship Fund.

2.      I am over the age of 18 and competent to testify to the facts contained in this Declaration. I am authorized to execute this Declaration on behalf of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, and Vacation Fund, and the Thomas J. McNulty Annual Scholarship Fund ("Benefit Funds").

3.      Marx Sheet Metal & Mechanical Inc. ("Marx Inc.") and Joseph Marx executed the Collective Bargaining Agreement between the Plumbers Local Union No. 690, Mechanical and Service Contractors Association of Eastern Pennsylvania, Inc., and Plumber Contractors UAC Local No. 690 of Greater Philadelphia Region ("CBA"). Marx Inc. and Joseph Marx currently are bound to the terms of the CBA.

4.      That Marx Inc. and Joseph Marx provided contributions reports to the Benefit

Funds for the months of April through July 2022. However, it failed to pay contributions when due to the Benefit Funds for hours worked by its employees during these months.

5.     That in order to resolve its failure to pay contributions when due to the Benefit Funds, Marx Inc. executed a Settlement Agreement and Confession of Judgment on September 11, 2022. The Settlement Agreement and Confession of Judgment required Marx Inc. to make regularly monthly settlement payments to satisfy the outstanding amount of $929,985.73. The Settlement Agreement and Confession of Judgment also required Marx Inc. to report and pay contributions to the Benefit Funds on a monthly basis for any work period not covered by the Settlement Agreement. The Affidavit of Confession of Judgment is attached as Exhibit A to this Declaration. The Settlement Agreement is attached as Exhibit B to this Declaration.

6.     That Marx Inc. and Joseph Marx paid $614,872.46 before breaching the terms of the Settlement Agreement and Confession of Judgment by failing to make the payments due on February 1, 2023 and March 1, 2023, and the monthly contribution payments due on January 15, 2023 and February 15, 2023.

7.     The Affidavit of Confession of Judgment provides that in the event of a default by Marx Inc., in the payment of any amount due under the terms of the Settlement Agreement, interest will be assessed on the sum of the unpaid balance – currently $315,113.27 - at the rate of nine percent (9%) per annum.

8.     Interest in the amount of $13,830.45 has accrued as of March 8, 2023.

9.     The Affidavit of Confession of Judgment provides that in the event of a default by Defendants Marx Inc. and Joseph Marx in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against Marx Inc. in favor of the holder for the full amount then due.

10.     Subject to the terms of the Settlement Agreement and Confession of Judgment, Marx Inc. and Joseph Marx owe $328,943.72 in unpaid contributions, interest and liquidated damages assessed on unpaid contributions, and interest assessed on the principal amount subject to the Confession of Judgment, less the amount paid by Defendants Marx Inc. and Joseph Marx The chart attached to this Declaration as Exhibit C details these calculations.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of March 2023.

THOMAS J. MCNULTY

# Declaration of Thomas J. McNulty
# Exhibit A

**AFFIDAVIT FOR**
**CONFESSION OF JUDGMENT**

I, Joseph Marx, as Owner of Marx Mechanical Inc. ("Marx Mechanical"), and on behalf of myself, being duly sworn hereby state as follows under penalty of perjury:

1.     I am making a voluntary, knowing and intelligent waiver of my right, and Marx Mechanical's right, to notice and a prejudgment hearing on the merits of the claim for damages against Marx Mechanical and against Joseph Marx individually by the Plumbers Local Union No. 690, and the Trustees of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, and Vacation Fund, and the Thomas J. McNulty Annual Scholarship Fund (collectively referred to as the "Benefit Plans"). I have the authority to execute this document on behalf of Marx Mechanical and on behalf of myself.

2.     For value received and in consideration of the mutual promises set forth in the Settlement Agreement, Marx Mechanical and Joseph Marx have promised to pay the sum of $929,985.73 to the Benefit Plans in the event of a default by Marx Mechanical and Joseph Marx in the payment of any amount when due under the terms of the Settlement Agreement. Interest will be assessed on this sum in the amount of nine percent (9%) per annum. This amount is justly due to the Benefit Plans pursuant to the terms of collective bargaining agreements between Marx Mechanical and the Plumbers Local Union No. 690, for delinquent contributions, union dues, interest, and liquidated damages for work performed for the work periods of April 2022 through July 2022. The attached summary of damages details these amounts. Marx Mechanical and Joseph Marx recognize that they have no meritorious defense to the Benefit Plan's claim to payment of this amount.

3.     In the event of default by Marx Mechanical of any obligation under the terms of the Settlement Agreement, time being of the essence hereof, the holder of this Confession of Judgment, at their option, may, without presentment, protest, notice or demand, declare the entire

principal sum of $929,985.73 then unpaid, together with any accrued and unpaid interest thereon, immediately due and payable by Marx Mechanical and Joseph Marx and obtain a final judgment against Marx Mechanical and Joseph Marx jointly and severally, by any court.

4.      Marx Mechanical and Joseph Marx hereby authorize any attorney at law to appear on its behalf in any court of record including the United States District Court for the Eastern District of Pennsylvania, file this Affidavit, and confess a judgment against Marx Mechanical and Joseph Marx in favor of the holder for the full amount then due, plus costs of suit and attorneys' fees, and to release all errors and waive all right of appeal. Upon such confession, Marx Mechanical and Joseph Marx agree that a judgment is properly entered against Marx Mechanical and Joseph Marx jointly and severally, by any court, including the United States District Court for the Eastern District of Pennsylvania. Marx Mechanical hereby waives any right to notice and a prejudgment hearing on the merits of the Benefit Plans' claim to payment under this Confession of Judgment.

5.      The terms of this Confession of Judgment are binding upon, and inure to the benefit of, the parties and their respective successors and assigns. Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing entity), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner. Marx Mechanical and Joseph Marx specifically warrant that in the event of a succession or assignment, it will place any successor or assignee on notice of this Confession of Judgment, and will obtain the successor or assignee's express written agreement to assume and be bound by this Confession of Judgment.

6.      This judgment is not being entered by confession against a natural person in connection with a consumer credit transaction, residential lease, or retail installment sale, contract, or account as defined by the Goods and Services Installment Sales Act, 69 P.S. 1101, *et seq.*

2

7.      The undersigned have executed this Confession of Judgment voluntarily, knowingly, and intelligently in order to resolve a delinquency in payments to the Benefit Plans.

Marx Mechanical's mailing address to affect mail delivery upon Marx Mechanical is **373 High Street Wilkes-Barre, PA 18702**.  Joseph Marx's mailing address to affect mail delivery on him is **24 Clifton Court Hanover Twp., PA 18706**.  The undersigned Joseph Marx is **54**  years old.

~~Dated: August~~, ~~2022~~ **September 11, 2022**

_____
Joseph Marx

_____
Owner/Principal,   on   behalf   of   Marx Mechanical

Sworn to and subscribed before me
this _11_ day of _September_, _2022_.

_____

NOTARY PUBLIC
My Commission Expires:  _2-12-23_

Commonwealth of Pennsylvania - Notary Seal
Rochelle Shubilla, Notary Public
Luzerne County
My Commission Expires   February 12, 2023
Commission Number   1288277

3

# Declaration of Thomas J. McNulty
# Exhibit B

**SETTLEMENT AGREEMENT, RELEASE, AND CONFESSION OF JUDGMENT**

**THIS SETTLEMENT AGREEMENT, RELEASE AND CONFESSION OF JUDGMENT** ("Settlement Agreement") is entered into on this 11th day of September, 2022, between Marx Sheet Metal & Mechanical Inc. ("Marx Mechanical"), and Joseph Marx; the Plumbers Local Union No. 690 ("Union"); and the Trustees of the Plumbers Local Union No. 690 Pension Fund, Health Fund, Supplemental Retirement Fund, Apprenticeship Training Fund, and Vacation Fund, and the Thomas J. McNulty Annual Scholarship Fund (collectively referred to as "Benefit Funds").

**WHEREAS**, Marx Mechanical owes certain amounts to the Benefit Funds under the terms of its Collective Bargaining Agreement with the Plumbers Local Union No. 690 for the work periods of April 2022 through July 2022, and

**WHEREAS**, the parties desire to make arrangements for the payment of the delinquent amounts owed to the Benefit Funds, and

**WHEREAS**, the undersigned represent that they are authorized to execute this Settlement Agreement and Release and Confession of Judgment and bind the respective parties to the terms of this document,

**NOW, THEREFORE**, the parties hereby agree, in consideration of good and valuable consideration, the receipt of which is hereby acknowledged, as follows:

1.  The foregoing recitals are made a part of this Settlement Agreement and Release.

2.  Marx Mechanical acknowledges that it owes the Union and the Benefit Funds the amount of $929,985.73 for delinquent contributions, union dues, interest, and liquidated damages for the work periods of April 2022 through July 2022. The attached Summary of Damages details these amounts.

3.   In order to resolve the Indebtedness to the Benefit Funds, Marx Mechanical agrees to pay the sum of $792,081.56. This amount will be paid by way of an initial payment of $125,000.00 due on the date of execution of the agreement, and seven monthly payments of $95,317.96 due on the first of each month thereafter, with the final payment due on March 15, 2022, and interest to accrue at ½ percent per month. The parties agree that time is of the essence. All payments are to be made payable to the "Plumbers Local 690 Industry Funds" and received before the close of business on the date due (or if the date due falls on a weekend or holiday, received on the next regular business day) to Thomas J. McNulty, 2791 Southampton Road, Philadelphia, PA 19154.

4.   If Marx Mechanical fails to make any scheduled payment to liquidate its Indebtedness to the Benefit Funds as provided in Paragraph 3, or if Marx Mechanical fails to keep current in its future obligations to the Benefit Funds, the Benefit Funds may, without additional notice or demand, declare the entire Indebtedness then unpaid, together with accrued interest thereon, immediately due and payable.

5.   Marx Mechanical acknowledges that the Collective Bargaining Agreement provides that contribution reports and payments are due no later than 15th day of each month following the work month. For example, the report of hours and contributions owed for work performed in April are due no later than May 15. Marx Mechanical acknowledges further that the Collective Bargaining Agreement provides for interest and liquidated damages to be assessed on late payments.

6.   Marx Mechanical and Joseph Marx agree to the entry of the attached Confession of Judgment. In the event Marx Mechanical breaches the terms of this Settlement Agreement and Release, the Benefit Funds may, without notice or demand, declare the entire total indebtedness

then unpaid, together with accrued interest thereon and less any payments made toward the principal amount, immediately due and payable by Marx Mechanical and Joseph Marx and the Benefit Plans may file the attached Confession of Judgment, with Marx Mechanical and Joseph Marx responsible for all costs and attorney's fees.

7.   In the event of a future lawsuit to enforce payment of the Settlement Agreement and Release, Marx Mechanical and Joseph Marx agree to pay reasonable costs and attorneys' fees to the Benefit Funds.

8.   Marx Mechanical agrees that title to all amounts to be paid to the Benefit Funds under the terms of this Settlement Agreement and Release and the Collective Bargaining Agreement, whether paid or unpaid, vests and becomes a plan trust asset on the date due.  Marx Mechanical further acknowledges that it is bound to the Restated Agreements and Declarations of Trust establishing the Benefit Plans.

9.   Nothing in this Settlement Agreement and Release shall be interpreted to alter or amend the terms of the Collective Bargaining Agreement or the Benefit Funds' Declarations of Trust.

10.  Upon satisfaction of all obligations under this Settlement Agreement and Release, the Benefit Funds will release and forever discharge Marx Mechanical and Joseph Marx along with their authorized representatives, agents, officers, and  principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which the Benefit Funds may have had, now have, or may have in the future against Marx Mechanical and Joseph Marx arising under or relating in any way to contributions, union dues, interest, liquidated damages, costs and attorneys' fees under the terms

3

of Marx Mechanical's Collective Bargaining Agreement with the Plumbers Local Union No. 690, for the work periods of April 2022 through July 2022. The parties specifically acknowledge that this Release does not extend to any withdrawal liability assessments, if any, in the future.

11. Marx Mechanical specifically agrees that to the extent it has submitted inaccurate or incomplete remittance reports, the Benefit Funds do not waive or release any claims, actions, or causes of action and that nothing in this Settlement Agreement and Release, including Paragraph 10, will be construed to prevent the Benefit Funds from bringing an action in any court to compel an audit and/or any action for delinquent contributions and other amounts owed for any period of time covered by this Settlement Agreement and Release.

12. Within five (5) days of a written request from the Benefit Plans, Marx Mechanical agrees to provide all payroll records and time sheets for work performed by Marx Mechanical's employees on any project that may be subject to a payment. Marx Mechanical further agrees to assist the Benefit Plans in pursuing any available claim pursuant to a payment bond covering work performed by Marx Mechanical's employees.

13. Joseph Marx, an owner and officer of Marx Mechanical, acknowledges that he exercises discretionary authority and discretionary control with respect to the management of the Benefit Plans' "plan assets," that he is a "fiduciary" with respect to the Benefit Plans' "plan assets" under the Employee Retirement Income Security Act ("ERISA), and that he is personally liable for the amounts due and owing to the Benefit Plans that are part of this Settlement Agreement.

14. Marx Mechanical and Joseph Marx agree to release and forever discharge the Benefit Funds, along with their authorized representatives, agents, officers, and  principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and

4

whether within the contemplation of the parties or not, which Marx Mechanical and Joseph Marx may have had, now have, or may have in the future against the Benefit Funds arising under or relating in any way to erroneously paid contributions under the terms of Marx Mechanical's Collective Bargaining Agreement with Plumbers Local Union No. 690 for the work periods of April 2022 through July 2022.

15.  The terms of this Settlement Agreement are binding upon, and inure to the benefit of, the parties and their respective successors and assigns.  Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing corporation), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner.  Marx Mechanical specifically warrants that in the event of a succession or assignment, it will place any successor or assignee on notice of this Settlement Agreement and Release, and will obtain the successor or assignee's express agreement to assume and be bound by this Settlement Agreement and Release and the Confession of Judgment.

16.  This Settlement Agreement and Release shall be governed by the laws of Pennsylvania and applicable federal law.

17.  It is agreed that if any part of this Settlement Agreement and Release is declared unlawful, invalid or unenforceable by any court or administrative body of competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof.

18.  The parties acknowledge that they have carefully reviewed the terms of this Settlement Agreement and Release and the Affidavit for Confession of Judgment and that each has had the opportunity to consult with counsel prior to executing this document.  The parties agree that each has participated in the drafting of this Settlement Agreement and Release and its attachment, that

5

their terms are the combined efforts of all the parties, and that their terms shall not be construed against any party.

19.  This Settlement Agreement and Release and the Affidavit for Confession of Judgment represents the entire agreement and understanding of the parties with respect to all matters contained in it, and all prior agreements, and all understandings and representations, whether written or oral, are and have been merged herein and superseded by this Settlement Agreement and Release and the Affidavit for Confession of Judgment.  Any changes or modifications to this Settlement Agreement and Release and the Affidavit for Confession of Judgment may be made only if in writing and executed on behalf of all of the parties.

20.  Failure to insist on strict compliance with any of the terms of this Settlement Agreement and Release or the Affidavit for Confession of Judgment (by way of waiver or breach) by any party hereto shall not be deemed to be a continuous waiver in the event of any future breach or waiver of any conditions.

**IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement and Release on the date stated above.

TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 690 PENSION FUND, HEALTH FUND, SUPPLEMENTAL RETIREMENT FUND, APPRENTICESHIP TRAINING FUND, AND VACATION FUND, AND THE THOMAS J. MCNULTY ANNUAL SCHOLARSHIP FUND

DATE: __9/15/2022__

By: _____

Title: __ADMINISTRATOR__

PLUMBERS LOCAL UNION NO. 690

DATE: __9/15/2022__

By: _____

Title: __CO-CHAIRMAN__

MARX MECHANICAL INC.

DATE: **9-11-2022**

By: _____

Title: __President__

JOSEPH MARX

DATE: **9-11-2022**

By: _____

Title: __President__

7

*Plumbers Local Union No. 690 Industry Funds*

*Marx Sheet Metal Mechanical, Inc.*

Summary of Amounts Owed for Confession of Judgment

Total

**Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office**

| Type | Amount |
|------|--------|
| *Unpaid Contributions* | |
| April 2022 through July 2022 | $689,520.84 |
| *Interest Assessed on Unpaid Contributions* | |
| April 2022 through June 2022 | $3,814.46 |
| *Liquidated Damages Assessed at 20%* | |
| April 2022 through July 2022 | $137,904.17 |
| **Total** | **$831,239.47** |

$831,239.47

**Amounts Owed Pursuant to Reports Received by the Union**

| | |
|--|--|
| *Unremitted Dues* | |
| May 2022 - July 2022 | **$98,746.26** |

$98,746.26

$929,985.73

*Plumbers Local Union No. 690 Industry Funds*
*Marx Sheet Metal Mechanical, Inc.*
**Summary of Settlement Agreement Payment Amount**

|  |  | Total |
|---|---|---|
| **Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office** | | |
| **Type** | **Amount** | |
| *Unpaid Contributions* | | |
| April 2022 through July 2022 | $689,520.84 | |
| *Interest Assessed on Unpaid Contributions* | | |
| April 2022 through June 2022 | $3,814.46 | |
| **Total** | **$693,335.30** | **$693,335.30** |

**Amounts Owed Pursuant to Reports Received by the Union**

| *Unremitted Dues* | | |
|---|---|---|
| May 2022 through July 2022 | **$98,746.26** | **$98,746.26** |
| | | **$792,081.56** |

*Plumbers Local Union No. 690 Industry Funds*

*Marx Sheet Metal Mechanical, Inc.*

Payment Schedule

| Payment Date: | Wednesday of each week |
| Principal Amount | $792,081.56 |
| Interest Rate | 0.05% |
| First Payment | 8/19/2022 |
| Months | 8 |
| Weekly Amount | $95,317.96 |

| Period | Payment Date | Beginning Balance | Payment | Principal | Interest | Cumulative Principal | Cumulative Interest | Ending Balance |
|--------|--------------|-------------------|---------|-----------|----------|----------------------|---------------------|----------------|
| 1 | 8/19/2022 | $792,081.56 | $125,000.00 | $124,967.00 | $33.00 | $124,967.00 | $33.00 | $667,114.56 |
| 2 | 9/15/2022 | $667,114.56 | $95,317.96 | $95,290.16 | $27.80 | $220,257.16 | $60.80 | $571,824.39 |
| 3 | 10/15/2022 | $571,824.39 | $95,317.96 | $95,294.13 | $23.83 | $315,551.30 | $84.63 | $476,530.26 |
| 4 | 11/15/2022 | $476,530.26 | $95,317.96 | $95,298.10 | $19.86 | $410,849.40 | $104.49 | $381,232.16 |
| 5 | 12/15/2022 | $381,232.16 | $95,317.96 | $95,302.08 | $15.88 | $506,151.49 | $120.37 | $285,930.07 |
| 6 | 1/15/2023 | $285,930.07 | $95,317.96 | $95,306.05 | $11.91 | $601,457.54 | $132.28 | $190,624.02 |
| 7 | 2/15/2023 | $190,624.02 | $95,317.96 | $95,310.02 | $7.94 | $696,767.56 | $140.22 | $95,313.99 |
| 8 | 3/15/2023 | $95,313.99 | $95,317.96 | $95,313.99 | $3.97 | $792,081.56 | $144.19 | $0.00 |

## Plumbers Local Union No. 690 Industry Funds

### Marx Sheet Metal Mechanical, Inc.

## Interest Calculation Chart

| Work Month | Unpaid or Late Paid Contributions | Date Payment Due | Current Date/Date Payment Made | Days Late | Daily Interest Calculation | Daily Interest Rate | Total Unpaid Interest |
|---|---|---|---|---|---|---|---|
| Apr-22 | $17,094.38 | 5/15/2022 | 8/15/2022 | 92 | $2.85 | 0.017% | $262.11 |
| May-22 | $218,954.41 | 6/15/2022 | 8/15/2022 | 61 | $36.49 | 0.017% | $2,226.04 |
| Jun-22 | $256,704.68 | 7/15/2022 | 8/15/2022 | 31 | $42.78 | 0.017% | $1,326.31 |
| Jul-22 | $196,767.37 | 8/15/2022 | 8/15/2022 | 0 | $0.00 | 0.017% | $0.00 |
|  | $689,520.84 |  |  |  |  |  | $3,814.46 |

# Declaration of Thomas J. McNulty
# Exhibit C

*Plumbers Local Union No. 690 Industry Funds*
*Marx Sheet Metal Mechanical, Inc.*
**Summary of Amounts Owed for Confession of Judgment**

| | | **Total** |
|---|---|---|
| **Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office** | | |
| **Type** | **Amount** | |
| *Unpaid Contributions* | | |
| April 2022 through July 2022 | $689,520.84 | |
| *Interest Assessed on Unpaid Contributions* | | |
| April 2022 through June 2022 | $3,814.46 | |
| *Liquidated Damages Assessed at 20%* | | |
| April 2022 through July 2022 | $137,904.17 | |
| **Total** | **$831,239.47** | **$831,239.47** |
| **Amounts Owed Pursuant to Reports Received by the Union** | | |
| **Type** | **Amount** | |
| *Unremitted Dues* | | |
| May 2022 - July 2022 | **$98,746.26** | **$98,746.26** |
| **Amounts Owed Pursuant to Settlement Breach/Confessed Judgment** | | |
| Type | Amount | |
| *Interest at 9% on Confessed Judgment Balance* | | |
| As of March 8, 2023 | $13,830.45 | |
| | **$13,830.45** | **$13,830.45** |
| | | **$943,816.18** |
| | **Less Payments Made** | **$614,872.46** |
| | **Total** | **$328,943.72** |

**Plumbers Local Union No. 690 Industry Funds**

**Marx Sheet Metal Mechanical, Inc.**

**Interest Calculation Chart**

| Confessed Judgment Amount | Date of Confessed Judgment | Current Date | Days Late | Daily Interest Calculation | Daily Interest Rate | Total Unpaid Interest |
|---|---|---|---|---|---|---|
| $315,113.27 | 9/11/2022 | 3/8/2023 | 178 | 0.02% | $77.70 | $13,830.45 |
| | | | | | | **$13,830.45** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 8th day of March 2023 on the following:

> Secretary of the Treasury
> 15th. And Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
> Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
> for Plan Benefits Security

> s/ Andrew Costa-Kelser
> Andrew Costa-Kelser